# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| PATRICK J. BRANDNER, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 10-cv-08161 |
| | ) | |
| v. | ) | Hon. Dist. J. Ronald A. Guzman |
| | ) | |
| AMERICAN ACADEMY OF | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| ORTHOPAEDIC SURGEONS, | ) | |
| an Illinois corporation, AMERICAN | ) | |
| ASSOCIATION OF ORTHOPAEDIC | ) | |
| SURGEONS, an Illinois corporation | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR A TEMPORARY RESTRAINING ORDER

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................. 1

FACTUAL BACKGROUND ................................................................................ 4

    The AAOS ....................................................................................................... 4

    ███████████████████████ .................................................... 4

    ███████████████████████ .................................................... 6

ARGUMENT ......................................................................................................... 9

    I.      INJUNCTIVE RELIEF IS AN "EXTRAORDINARY" AND
            "EXTREME" REMEDY. ....................................................................... 9

    II.     PLAINTIFF HAS NOT DEMONSTRATED THAT HE IS ENTITLED
            TO INJUNCTIVE RELIEF. .................................................................. 9

            A.     Plaintiff has failed to demonstrate a likelihood of success on the
                  merits. ......................................................................................... 9

                  1.     ███████████████████████████
                           █████████████████." ................ 10

                  2.     The AAOS acted in accordance with its bylaws and
                        grievance procedures. .................................................... 11

                      a.     ███████████████████████
                          ████████. ...................................... 12

                      b.     ████████████████████████
                          ██████. ............................ 13

                      c.     ███████████████████
                        ████████. .................................. 13

                      d.     ███████████████████
                        ███. ...................................... 14

            B.     Plaintiff has not proven a risk of an irreparable harm. ............. 16

            C.     The balance of harms does not strongly favor Plaintiff and an
                 injunction would impair the public interest. ............................ 17

CONCLUSION ................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adkins v. Sarah Bush Lincoln Health Center,*
129 Ill. 2d 497 (Ill. 1989)...........................................................................................12

*Austin v. American Ass'n of Neurological Surgeons,*
120 F. Supp. 2d 1151 (N.D. Ill. 2000)....................................................................12, 16

*Austin v. American Assoc. of Neurological Surgeons,*
253 F.3d 967 (7th Cir. 2001) .............................................................................. *passim*

*Dannhausen v. Business Publications Audit of Circulation, Inc.,*
797 F.2d 548 (7th Cir. 1986) .................................................................................2, 8, 12

*Finn v. Beverly Country Club,*
289 Ill. App. 3d 565 (1st Dist. 1997)............................................................................10

*Goodman v. Ill. Dep't of Fin. & Prof'l Regulation,*
430 F.3d 432 (7th Cir. 2005) .........................................................................................9

*Hawkins v. Aid Assoc. for Lutherans,*
338 F.3d 801 (7th Cir. 2003) .......................................................................................12

*Hill v. Mercury Record Corp.,*
26 Ill. App. 2d 350 (1st Dist. 1960)..............................................................................12

*National Assoc. of Sporting Goods Wholesalers, Inc. v. F.T.L. Mktg. Corp.,*
779 F.2d 1281 (7th Cir. 1985) .....................................................................................10

*Prof'l Towing & Recovery Operators v. Box,*
No. 08-cv-4096, 2008 U.S. Dist. LEXIS 100002 (N.D. Ill. Dec. 11, 2008)...................16, 17

*Somerset House, Inc. v. Turnock,*
900 F.2d 1012 (7th Cir. 1990) .......................................................................................9

*Stone v. Bd. of Elections Comm'rs for Chicago,*
No. 10-cv-7727, 2011 U.S. Dist. LEXIS 2259 (N.D. Ill. Jan. 10, 2011)...........................9

*Van Daele v. Vinci,*
51 Ill. 2d 389 (Ill. 1972)..........................................................................................10, 13

## DEFENDANTS' OPPOSITION
## TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Defendants American Academy of Orthopaedic Surgeons and American Association of Orthopaedic Surgeons (collectively, the "Association" or the "AAOS") respectfully submit their brief in opposition to Plaintiff's January 8, 2011 motion for a temporary restraining order (Doc. 12). For their opposition, the Association states the following:

## INTRODUCTION

- ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
  ■■■■■■.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

For these and all of the further reasons given below, Defendants respectfully request that this Court deny Plaintiff's motion in every respect.

## FACTUAL BACKGROUND

### The AAOS

The American Association of Orthopaedic Surgeons and the American Academy of Orthopaedic Surgeons are interrelated not-for-profit Illinois corporations which are collectively referred to as the AAOS. (Young Aff. ¶ 2.) While the Association primarily engages in health policy and advocacy activities on behalf of orthopaedic patients and surgeons, the Academy chiefly provides continuing musculoskeletal medical education to orthopaedic surgeons. Membership in the Association confers membership in the Academy. *Id.* The AAOS is a private, self-governing, voluntary association with approximately 36,000 orthopaedic surgeons as members. Membership in the AAOS is not a prerequisite to the practice of orthopaedic surgery in any state. (*Id.* at ¶ 6.) Nor is the AAOS the only professional association available to orthopaedic surgeons. (*Id.* at ¶ 40.) ███████████████████████████ ███████████████████████████. (*Id.*)

### The Underlying Medical Malpractice Action

This lawsuit arises from ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████. ████████ ███████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████



## ARGUMENT

### I. INJUNCTIVE RELIEF IS AN "EXTRAORDINARY" AND "EXTREME" REMEDY.

Injunctive relief is an extraordinary and extreme remedy that should be granted only with great care and in emergency situations where serious harm would result if the injunction is not issued. *See Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) ("a preliminary injunction is an extraordinary and drastic remedy"); *Stone v. Bd. of Elections Comm'rs for Chicago*, No. 10-cv-7727, 2011 U.S. Dist. LEXIS 2259, at * 5 (N.D. Ill. Jan. 10, 2011) ("Like all forms of injunctive relief, a preliminary injunction is an extraordinary remedy that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.") (emphasis in original). To secure a temporary restraining order or other preliminary injunctive relief, a plaintiff must show that: (i) no adequate remedy at law exists; (ii) the moving party will suffer irreparable harm without injunctive relief; (iii) the irreparable harm that would be sustained by the movant outweighs the irreparable harm that the respondent will suffer if the injunction is granted; (iv) the movant has a reasonable likelihood of prevailing on the merits; and (v) the injunction will not impair the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1015 (7th Cir. 1990). Plaintiff has the burden of satisfying each of these elements. *Id.* For the reasons given below, Plaintiff's efforts to meet that substantial burden fall short.

### II. PLAINTIFF HAS NOT DEMONSTRATED THAT HE IS ENTITLED TO INJUNCTIVE RELIEF.

#### A. Plaintiff has failed to demonstrate a likelihood of success on the merits.

Plaintiff's brief ████████████████████

████████████████████████████████

**1.** ██████████████████████████████████████████████

Under Illinois law, courts refrain from interfering in the private affairs of a voluntary association absent a showing of economic necessity. *National Assoc. of Sporting Goods Wholesalers, Inc. v. F.T.L. Mktg. Corp.*, 779 F.2d 1281, 1285 (7th Cir. 1985). It is not sufficient to simply classify an injury as "economic." *Finn v. Beverly Country Club*, 289 Ill. App. 3d 565, 568 (1st Dist. 1997). "Economic necessity" instead means the "opportunity [to earn] a livelihood." *Van Daele v. Vinci*, 51 Ill. 2d 389, 394, 282 N.E.2d 728, 731 (Ill. 1972). If the plaintiff does not have an "important economic interest" in continued membership, he has no overarching action for bad faith or procedural irregularities—he must instead establish a breach of the voluntary association's charter, bylaws, or any other rules and regulations that were intended by the association to create legally enforceable obligations. *Austin*, 253 F.3d at 968-69.

███████████████████████████████████████████████████

███████████████████████████████████████████.

**2.** **The AAOS acted in accordance with its bylaws and grievance procedures.**

**a.** **The law demands only "substantial compliance" with an association's bylaws and internal procedures.**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████. In Illinois, voluntary associations have great discretion in conducting their internal affairs. *Hill v. Mercury Record Corp.*, 26 Ill. App. 2d 350, 356-57, 168 N.E.2d 461, 464 (1st Dist. 1960); *Austin v. American Ass'n of Neurological Surgeons*, 120 F. Supp. 2d 1151, 1152-53 (N.D. Ill. 2000). Judicial inquiry into the affairs of private, voluntary associations is limited to the question of whether an association has treated its members in accord with its bylaws and rudimentary due process. *Dannhausen*, 797 F.2d at 551. As to "rudimentary due process," an opportunity to receive written notice of charges, an opportunity to present arguments, two levels of appeal, and the right to be represented by counsel constitutes "as much due process as anyone might hope for" in a voluntary association's disciplinary proceeding. *Austin*, 120 F. Supp. 2d at 1154.

And, as in contract law, *substantial compliance* with the bylaws is generally deemed sufficient. *Hawkins v. Aid Assoc. for Lutherans*, 338 F.3d 801, 808 (7th Cir. 2003). "It is assumed that administrative decisionmakers will serve with fairness and integrity while performing their functions." *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 511 (Ill. 1989). Illinois courts are reluctant to interfere in the internal operations of associations and

will only do so in situations of economic necessity. *See Van Daele,* 51 Ill. 2d at 394 (recognizing that strict adherence to judicial standards of due process would seriously impair the disciplinary procedures of voluntary associations).



d. ███████████████████████████████████████████
████████████.



████████████████████████████████████████████████████

█████. █████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████. His motion for injunctive relief should be denied.

**B.     Plaintiff has not proven a risk of an irreparable harm.**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████. This is insufficient under Illinois law.

*Prof'l Towing & Recovery Operators v. Box*, No. 08-c-4096, 2008 U.S. Dist. LEXIS 100002, at

*31 (N.D. Ill. Dec. 11, 2008) (denying injunctive relief because movant's allegations of irreparable harm were speculative).

### C. The balance of harms does not strongly favor Plaintiff and an injunction would impair the public interest.

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████. The parties' competing interests do not weigh in favor of granting injunctive relief.

## CONCLUSION

For the foregoing reasons, the AAOS respectfully requests that Plaintiff's Motion be denied in its entirety.

Dated: January 28, 2011.

Respectfully Submitted,

AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS and AMERICAN ASSOCIATION OF ORTHOPAEDIC SURGEONS

/s/ Gary Y. Leung
*One of their attorneys*

Michael A. Chabraja
Gary Y. Leung
Kathleen M. Cunniff
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601-1818
(312) 849-8100

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **REDACTED PUBLIC VERSION OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to registered counsel of record as identified on the Notice of Electronic Filing on January 28, 2011:

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Ave.
Suite 2560
Chicago, IL 60601
312-233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com

Aaron R. Maurice
WOODS ERICKSON WHITAKER &MAURICE LLP
1349 W. Galleria Drive
Suite 200
Henderson, NV 89011
702-433-9696
amaurice@woodserickson.com
*Counsel for Plaintiff*

/s/ Gary Y. Leung