# EXHIBIT "16"



# AAOS
### AMERICAN ASSOCIATION OF ORTHOPAEDIC SURGEONS



## PROFESSIONAL COMPLIANCE PROGRAM GRIEVANCE PROCEDURES

### I. Purpose

The purpose of these procedures is to establish a process for the American Academy of Orthopaedic Surgeons and the American Association of Orthopaedic Surgeons ("AAOS") to address grievances about the behavior of an AAOS Fellow or Member that may violate the AAOS Standards of Professionalism ("SOPs") as adopted by the Fellowship.

Only a Fellow or Member may initiate a professional compliance grievance against another Fellow or Member under this process.

### II. Foundation for Professional Compliance Program Grievance Procedures

Article VIII of the Bylaws of the American Association of Orthopaedic Surgeons ("Association") provides a process by which the AAOS addresses professional compliance grievances brought by one AAOS Fellow or Member against another AAOS Fellow or Member.

These Professional Compliance Program Grievance Procedures are designed to supplement Article VIII of the Association Bylaws and to create a process that is transparent, expeditious, and equitable.

### III. Definitions

The following terms shall be defined as follows for purposes of these Professional Compliance Program Grievance Procedures:

A. "Standards of Professionalism" are the AAOS "Standards of Professionalism," as adopted by the AAOS Fellowship.

B. "Fellow" includes all categories of AAOS Fellowship (Active, Inactive or Emeritus).

September 13, 2008

1

BRANDNER 00746

C. "Member" includes the following categories of AAOS Membership: Associate Member - Allied Specialties; Associate Member - Basic Sciences; Associate Member - Orthopaedic; Associate Member - Osteopathic; Associate Resident Member - Orthopaedic; Associate Resident Member - Osteopathic; Associate Candidate Member - Orthopaedic; or Associate Candidate Member - Osteopathic. "Member" does not include an International Affiliate Member or Honorary Member.

D. "Days" refer to calendar days and shall include Saturdays, Sundays and legal holidays when computing a time period. Time periods commence on the date that AAOS receives the grievance materials. AAOS has sole discretion to extend any time limitations.

E. "Grievant" means the AAOS Fellow or Member who files a grievance, or complaint, against another AAOS Fellow or Member. "Grievant" is synonymous with "Complainant" as identified in the Association Bylaws, Paragraph 8.4.

F. "Respondent" means the AAOS Fellow or Member against whom the grievance has been filed as identified in the Association Bylaws, Paragraph 8.4.

G. "General Counsel" or "Office of the General Counsel" shall mean the AAOS General Counsel, all staff who report to the AAOS General Counsel, other AAOS staff as determined by the General Counsel, and any outside counsel or consultants retained by the Office of General Counsel.

H. "Committee on Professionalism" (COP) is the AAOS body responsible for reviewing and considering grievances of alleged violations of the Standards of Professionalism and developing a recommendation for professional compliance action to be taken by the AAOS Board of Directors.

I. "Grievance Hearing Panel" is that body of members of the Committee on Professionalism responsible for hearing the evidence and testimony from the Grievant and Respondent and developing a written Report and Recommendation for AAOS professional compliance action to be taken by the AAOS Board of Directors.

J. "Judiciary Committee" is the AAOS body responsible for hearing the appeal of either the Grievant or Respondent of the recommendation made by the Committee on Professionalism Hearing Panel and for developing a written Report and Recommendation for professional compliance action to be taken by the AAOS Board of Directors.

K. A "*prima facie*" case is one in which the Committee on Professionalism determines there has been sufficient evidence to support the Grievant's allegations of a violation of at least one of the Mandatory Standards of the AAOS Standards of Professionalism. A *prima facie* determination justifies a hearing by the Committee on Professionalism. In making this determination, the Committee on Professionalism will consider the material of the Grievant and Respondent submitted in accordance with these Procedures.

BRANDNER 00747

L. A "Letter of Concern" is one that may be sent to either a Grievant, Respondent or both when concerns exist about a Fellow's or Member's behavior. This Letter of Concern shall not be considered an official professional compliance action and will not be made available upon request to Fellows, Members, or counsel.

M. "Professional compliance action" is the final action taken by the AAOS Board of Directors that results in Censure, Suspension, or Expulsion of an AAOS Fellow or Member.

N. A "Censure" is a "written reprimand to the Fellow or Member from the Association, with no loss of the benefits of Fellowship or Membership. Such censure shall be made a part of the membership file of the Fellow or Member." {Association Bylaws, Para. 8.1.a}

O. A "Suspension" shall "cause the Fellow or Member to lose the benefits of Fellowship or Membership for a period of time as determined by the Board of Directors, after which the individual may be fully reinstated upon the request of the individual, provided he or she pays all past dues, fees or special assessments owing upon reinstatement. Suspension shall be for such term as the Board determines is necessary to ensure modification of behavior." {Association Bylaws, Para. 8.1.b}

P. An "Expulsion" shall "cause the Fellow or Member to be removed from the rolls of the Association. An expelled Fellow or Member shall not be entitled to any of the benefits of Fellowship or Membership. The Association shall not accept a reapplication for Fellowship or Membership from an expelled Fellow or Member until a prescribed period, as the Board shall determine, has elapsed from the date the individual was notified of the Board's action." {Association Bylaws, Para. 8.1.c}

## IV. Applicability of Professional Compliance Procedures

A. These Professional Compliance Program Grievance Procedures shall apply to grievances filed against an AAOS Fellow or Member that allege a violation of the AAOS Standards of Professionalism arising from activities that occurred on or after April 18, 2005, and to alleged violations of any additional SOPs occurring after their adoption by the AAOS as provided for in the Bylaws. These Professional Compliance Program Grievance Procedures shall apply to grievances reported to AAOS **on or after September 13, 2008.**

B. Grievances that allege a violation of the AAOS Standards of Professionalism may be filed within ten years of the date of eligibility.

C. These Professional Compliance Program Grievance Procedures shall not apply to:

1. Matters that are currently in litigation, arbitration or mediation; under review by a state medical board or other state or federal agency; or are the subject of a peer review investigation;

BRANDNER 00748

2. Matters in which the primary subject of the grievance has already been considered by the AAOS, even if brought by a different Fellow or Member. However, a Respondent may file a counter-grievance, but only before the Committee on Professionalism has made a determination that a *prima facie* case has been made that a violation may exist; and

3. Matters for which the AAOS Bylaws provide a different avenue for removing or limiting the membership of an AAOS Fellow or Member, specifically actions based on non-payment of AAOS dues {Association Bylaws, Para. 8.3.a}; actions based on the Fellow's or Member's loss, restriction on or limitation of any right associated with the practice of medicine caused by an action of the state or province {Association Bylaws, Para. 8.3.b}; and actions based on a conviction of any felony. {Association Bylaws, Para. 8.2.e}

D. If at any time after a professional compliance grievance is submitted, the subject matter of the grievance becomes the subject of litigation, arbitration, mediation, administrative review or review by a state medical board or other state or federal agency, AAOS shall hold the grievance in abeyance pending final resolution of the proceedings. Each party has an obligation to notify AAOS of the final resolution of the litigation, arbitration, mediation or review in order for the AAOS process to continue.

E. Fellows and Members who have been named in a grievance will not be permitted to resign from AAOS during the course of this professional compliance process.

F. A Candidate Member named in a grievance will have his or her Fellowship application held in abeyance pending the final resolution of the grievance.

G A Grievant may withdraw a grievance, but only before the Committee on Professionalism has made a determination that a *prima facie* case has been made that a violation may exist. Notwithstanding the above, if it appears there is a patient safety issue, the AAOS, at its discretion, may proceed even if the Grievant wishes to withdraw the grievance.

H. Fellows or Members who are suspended from AAOS as a result of professional compliance actions may be named as Respondents in grievances alleging new or different violations of the AAOS Standards of Professionalism during the period of suspension.

I. Fellows or Members who are expelled from AAOS as a result of professional compliance actions may not be named as Respondents in grievances alleging new or different violations of the AAOS Standards of Professionalism unless or until the Fellow or Member is re-admitted to AAOS.

J. The AAOS Professional Compliance Program is an ethics compliance program. It was not designed as and is not intended to be a peer review program. Thus, it does not fall under the protections of the federal Health Care Quality Improvement Act.

September 13, 2008                                                   4

BRANDNER 00749

## V. Notification of Professional Compliance Actions

A. Time-sensitive material will be transmitted to recipients through certified mail, United Parcel Service (UPS), or other verifiable delivery service. Notification will be sent to the Fellow's or Member's last address in the AAOS Membership database.

B. At least annually, and only after final action by the Board of Directors, AAOS shall notify Fellows and Members of all professional compliance actions taken. AAOS shall publish a summary of the matter in one or more of the AAOS publications, specifying the particular Mandatory Standard(s) of the AAOS Standards of Professionalism that was deemed to have been violated, identifying the Respondent by name and the state in which he or she has his or her principal practice.

C. For all professional compliance actions resulting in suspension or expulsion that relate to patient health and welfare (including expert witness testimony), the AAOS will notify the National Practitioners Data Bank (NPDB) in compliance with current NPDB requirements.

D. AAOS shall communicate professional compliance actions to the Respondent's state licensing board, state orthopaedic society, state medical society, the American Board of Orthopaedic Surgery (ABOS), and other medical boards or associations as appropriate.

E. AAOS will respond in writing to a written request from any party about an individual Fellow's membership in the AAOS. In addition, AAOS will inform the requesting party of any professional compliance action taken by the AAOS Board of Directors. AAOS will not disclose information about parties in a pending grievance, nor will AAOS disclose information about any grievance in which the Board of Directors did not take official professional compliance action.

F. Consistent with protocols approved by the Committee on Professionalism, following final Board of Directors decisions, records of AAOS professional compliance proceedings and related actions of the AAOS Board of Directors may be obtained at a reasonable charge upon receipt of an appropriate subpoena addressed to the Office of General Counsel.

G. During the pendancy of a professional compliance action, AAOS will attempt to maintain but does not guarantee the confidentiality of grievances nor does AAOS guarantee that results of professional compliance actions will not be reported to other entities.

## VI. Rights and Obligations of all Parties

A. Any Fellow or Member who files a grievance ("Grievant") under these procedures shall have certain rights and obligations associated with these procedures. Conversely, a Fellow or Member against whom a grievance has been filed ("Respondent") shall also have certain rights and obligations. The AAOS recognizes its obligations to the public and the profession when reviewing issues of professional compliance.

September 13, 2008                                        5

BRANDNER 00750

B. Specifically, all parties involved in a professional compliance matter have the:

1. Right to timely communication from AAOS;

2. Right to know who has filed the Grievance;

3. Right to know the specific allegations made in the Grievance;

4. Right to counsel;

5. Right to respond to the allegations;

6. Right to know who will consider the matter and make recommendations;

7. Right to appear at a grievance hearing or appeal hearing;

8. Right to appeal the recommendations(s) of the Grievance Hearing Panel prior to final action by the Board of Directors;

9. Obligation to participate in the grievance process in good faith;

10. Obligation to adhere to the procedures outlined in this document; and

11. Obligation to maintain confidentiality until the grievance process is concluded.

C. Each party to a grievance is responsible for obtaining and providing all written material, such as transcripts and medical records, for consideration by AAOS. All correspondence or materials must be sent to the Office of General Counsel.

## VII. Grievance Procedures

### A. Grievances Filed with AAOS

1. All grievances must be in the format required by the AAOS, containing specific allegations against a Fellow or Member and following HIPAA guidelines for de-identifying patient information unless otherwise exempted. Any relevant supplementary material to be considered by AAOS should be de-identified as required (unless otherwise exempted) and accompany the grievance.

2. All grievances must be signed, dated, and include the specific Mandatory Standard(s) of the Standards of Professionalism alleged to have been violated.

BRANDNER 00751

3.  All grievances and accompanying supplemental materials shall be sent to:

> American Academy of Orthopaedic Surgeons
> 6300 N. River Road
> Rosemont, Il 60018-4262
> Attention:  Office of General Counsel

4.  No inquiry about a pending grievance, correspondence or materials may be sent to members of the Committee on Professionalism, the Judiciary Committee, the Board of Directors, or any AAOS official or officer, staff or representative.  Verbal contact may be made only through the Office of General Counsel.

5.  The Grievant bears the burden of proof and must submit written material as part of the grievance process.  The Grievant is expected to attend the grievance hearing if one is scheduled.

## B.  Preliminary Administrative Evaluation

1.  Within thirty (30) days of the receipt of the grievance, AAOS will acknowledge the grievance and mail a copy of these Professional Compliance Program Grievance Procedures to the Grievant.

2.  Within sixty (60) days of the receipt of the grievance, the Office of General Counsel will conduct a preliminary administrative evaluation of the grievance.  Any grievance that does not conform to the required format will be returned to the Grievant.

3.  Within thirty (30) days of determining the Grievant's materials have passed the preliminary administrative evaluation, the Office of General Counsel will advise the Respondent that a grievance has been filed and provide the Respondent with a copy of the grievance, relevant material, and a copy of these Professional Compliance Program Grievance Procedures.  The Office of General Counsel will advise the Respondent that he or she may submit material for consideration prior to the Committee on Professionalism's determination of whether a *prima facie* matter exists.  All material to be considered by the Committee on Professionalism must be provided within sixty (60) days of receipt of this notice and must be consistent with HIPAA guidelines unless otherwise exempted.  AAOS will return to the Respondent material that does not conform to the required format.  Material submitted by the Respondent for consideration will be made available to the Grievant.  All correspondence or materials must be sent to the Office of General Counsel.

4.  The Office of General Counsel will collect and collate all materials from the Grievant and from the Respondent.  If the Respondent does not send any materials by the date they are required to be received, AAOS will assume that none will be received.  The compiled materials will be duplicated and sent to the Committee on Professionalism, pursuant to Paragraph C.4 below.

September 13, 2008                                    7

BRANDNER 00752

## C. Referral to the Committee on Professionalism

1. The Committee on Professionalism shall be responsible for reviewing all grievances referred from the Office of General Counsel.

2. The Committee on Professionalism shall at a minimum have eight members, appointed by the AAOS Board of Directors trained to evaluate and consider matters of alleged violations of the AAOS Standards of Professionalism. At its discretion, the Board of Directors may appoint additional members to the Committee on Professionalism. The AAOS Board of Directors will utilize the Committee Appointment Program (CAP) process to identify volunteers for the Committee on Professionalism. The "one member-one committee" rule shall not apply to the Committee on Professionalism

3. For each grievance that has passed the preliminary administrative evaluation, the Office of General Counsel will canvass the members of the Committee on Professionalism to determine whether there exists any real or perceived conflict of interest between a member and the Grievant and/or Respondent. No Committee member may participate in a case that involves a Fellow or Member with whom that individual has a personal relationship or is in partnership or in direct economic competition. A standing committee of the Chair of the Committee on Professionalism, AAOS President, AAOS First Vice President, AAOS Second Vice President and the General Counsel shall review and determine questions of conflicts of interest, if necessary.

4. The Office of General Counsel will refer grievances that meet the criteria for review to those members of the Committee on Professionalism who have no real or perceived conflicts with the Grievant and/or Respondent. The Committee on Professionalism will review the material submitted by the Grievant and Respondent, if any, and it may request additional information to determine whether the grievance is appropriate for Committee review.

5. Within forty-five (45) days of receipt of all grievance material from the Office of General Counsel, the Committee on Professionalism shall determine whether a *prima facie* violation of a specific Mandatory Standard(s) of the AAOS Standards of Professionalism exists, based on the written submissions from the Grievant and the Respondent, if any. The Office of General Counsel will send written notification of the Committee on Professionalism's *prima facie* determination to the Grievant and the Respondent within fifteen (15) days of this determination.

6. If the participating Committee on Professionalism members determine that a *prima facie* violation of a specific Mandatory Standard(s) of the AAOS Standards of Professionalism has not been established, the Office of General Counsel will notify the Grievant and the Respondent in writing that the grievance is not accepted for further review.

BRANDNER 00753

7. If the Committee on Professionalism does not accept the grievance for further review, the Grievant will have the right within fifteen (15) days of receipt of the written notice from the Office of General Counsel to demand a hearing nonetheless. In such case, the Grievant shall be responsible for paying all the AAOS' direct costs in conducting that hearing and all of the Respondent's direct costs, up to a maximum of four thousand dollars ($4000), if the ultimate decision of the hearing is the same or substantially similar to the decision that the Committee on Professionalism reached before the hearing. The Grievant shall be obligated to pay six thousand dollars ($6,000), which shall be held in an interest-bearing account, in advance of the hearing. The Office of General Counsel shall determine AAOS' direct costs at the end of the hearing, which may include, but are not limited to, the cost of counsel preparing for and attending the hearing and the Committee members' expenses in attending the hearing.

8. In some circumstances, the Committee on Professionalism may have concerns with the alleged behavior described in the grievance, yet, at its discretion, may decide not to accept the grievance. In these instances, at its sole discretion, the Committee on Professionalism may write a Letter of Concern to the Grievant, Respondent, or both, detailing its concerns. This Letter of Concern shall not be considered an official professional compliance action. In addition, the AAOS shall send a notice to the opposing party (either Grievant or Respondent) that a Letter of Concern has been sent, but not its specific contents.

9. The recipient of the Letter of Concern, either the Grievant or Respondent, has the right within fifteen (15) days of receipt to demand a hearing nonetheless. In such case, the dissatisfied Grievant or Respondent shall be responsible for paying all the AAOS' direct costs in conducting that hearing and all of the opposing party's direct costs, up to a maximum of four thousand dollars ($4,000), if the ultimate decision of the hearing is the same or substantially similar to the decision that the Committee on Professionalism reached before the hearing. The requesting parting shall be obligated to pay six thousand dollars ($6,000), which shall be held in an interest-bearing account, in advance of the hearing. The Office of General Counsel shall determine AAOS' direct costs at the end of the hearing, which may include, but are not limited to, the cost of counsel preparing for and attending the hearing and the Committee members' expenses in attending the hearing.

10. If the participating Committee on Professionalism members decide that a *prima facie* case has been established, the Chair of the Committee on Professionalism will appoint a Grievance Hearing Panel, composed of a Chair and at least three Committee members, to hear and consider the grievance, with three Committee members constituting a quorum. The Chair of the Committee on Professionalism may be the Chair of that Grievance Hearing Panel and/or act as an *ex officio* voting member of the Grievance Hearing Panel. Once a Grievance Hearing Panel has been chosen, that panel shall continue to function as the hearing entity until the Board of Directors has taken final action on the matter, even if the panel member's term on the Committee on Professionalism has expired.

September 13, 2008        9

BRANDNER 00754

11. The Office of General Counsel will notify the Grievant and Respondent if the grievance has been accepted for review. In addition, the Office of General Counsel will advise the Grievant and the Respondent of the specific Mandatory Standard(s) of the AAOS Standards of Professionalism that is alleged to have been violated and that will be considered at the grievance hearing.

12. The Grievant and Respondent will be sent the names of the Grievance Hearing Panel members and will be notified that, within thirty (30) days of receipt of this notice, he or she may challenge the appointment of any Grievance Hearing Panel member for cause. Challenges will be arbitrated by the standing committee of the Chair of the Committee on Professionalism, AAOS President, AAOS First Vice President, AAOS Second Vice President and the General Counsel. All correspondence or materials should be sent to Office of General Counsel.

13. The Grievant and the Respondent shall be responsible for his or her own travel and related costs as well as the costs of any personal representatives involved or any witness that he or she may call or any evidence produced. AAOS shall bear the costs of the Grievance Hearing Panel and all related hearing costs.

**D. Referral to Grievance Hearing Panel**

1. The Grievant and Respondent will be given at least sixty (60) days prior notice of the grievance hearing date and location. The grievance hearing will be held, if possible, within ninety (90) days from the date of notice at a location designated by the Committee on Professionalism. Except as otherwise provided in these Procedures, AAOS has sole discretion to extend the time for scheduling hearings.

2. AAOS will conduct grievance hearings, if necessary, on pre-determined dates:

   - During the Annual Meeting; and
   - At two or more other times during the year.

   Grievance hearings other than at the Annual Meeting will be conducted in Rosemont, Illinois. AAOS has sole discretion to determine if extenuating circumstances exist to conduct grievance hearings in locations other than the Annual Meeting and Rosemont, Illinois. If AAOS determines that extenuating circumstances exist, grievance hearings may be conducted in locations other than the Annual Meeting and Rosemont, Illinois.

3. The Grievant is expected to attend the grievance hearing and the Respondent is strongly encouraged to appear. If the Grievant or Respondent declines or fails to appear at a duly scheduled grievance hearing, the grievance hearing shall still proceed, and the panel members shall consider any material submitted previously by the absent party. A party may request a postponement of a grievance hearing, and such postponement will be allowed, provided the other party concurs. However, no case may be postponed more than one time.

BRANDNER 00755

4. All written grievance material and a party's notice that legal counsel and or witness will be present at the grievance hearing must be submitted to the Office of General Counsel no later than fifteen (15) days prior to the scheduled grievance hearing. Either party may present a written statement of no more than five (5) pages at the grievance hearing, but it may not contain new information. No new grievance material may be offered at the hearing.

5. The Grievance Hearing Panel Chair will conduct the grievance hearing, with the assistance of the General Counsel. Only Grievance Hearing Panel members who attend the full grievance hearing may participate in the deliberations and recommendations. The Grievant, the Respondent and their counsel may attend grievance hearings. Grievance Hearings will be closed to guests or observers, except non-participating members of the Committee on Professionalism and security or other personnel, as deemed necessary by AAOS. Formal rules of evidence or law will not apply to grievance hearings. The grievance hearing will be officially recorded by a court reporter. At the sole discretion of AAOS, video and audio recordings of the proceedings may also be made. No other recording devices will be permitted.

6. The Grievant or Respondent may be represented at the grievance hearing by himself or herself or by any other designated individual, including legal counsel. Each party will be given thirty (30) minutes to make a presentation. Both the Grievant and Respondent may present additional witnesses at the grievance hearing, but the identity of any such witnesses and the subject matter of their testimony must be provided to the Office of General Counsel at least fifteen (15) days in advance. Any presentations made by representatives or witnesses are included in the 30-minute time limit.

7. During the grievance hearing, the Grievance Hearing Panel may receive oral testimony and written statements from the Grievant and Respondent and may also review additional information requested by the Committee on Professionalism. Grievance Hearing Panel members may ask clarifying questions of any party or witness within the thirty (30) minute time limit.

8. Following the presentations by the Grievant and the Respondent, the Chair of the Grievance Hearing Panel may allow each side an opportunity of up to five (5) minutes for questions. The parties may ask questions of the opposing side, but extensive cross examination will not be permitted.

9. After the grievance hearing and prior to issuing its recommendations, the Grievance Hearing Panel may request additional information from the Grievant, Respondent, or any third party. Any additional information will be made available to each party.

10. Grievance Hearing Panel members may not discuss the specifics of the case with any non-participant, with the exception of the General Counsel, and may only consider material introduced in conjunction with the Grievance process. However, Hearing Panel members may rely upon their own expertise and experience as orthopaedic surgeons in evaluating written material, oral testimony, or issues raised.

September 13, 2008                                    11

BRANDNER 00756

11. Following the conclusion of the grievance hearing, the Grievance Hearing Panel shall meet in executive session with the General Counsel and shall, by majority vote, determine which of the following alternative findings should be recommended to the AAOS Board of Directors:

   a. That the grievance is not sustained, and that no professional compliance action should be taken;

   b. That the grievance is sustained, which specific Mandatory Standard(s) of the AAOS Standards of Professionalism has been violated, and that the Respondent should be:

      i. Censured;
      ii. Suspended from AAOS for a stated period of time; or
      iii. Expelled from AAOS.

      In the event the majority vote does not sustain the grievance, the Grievance Hearing Panel's recommendation will be that the Respondent is not found to have violated any of the Standards of Professionalism.

12. The Grievance Hearing Panel may delay the vote to allow time to consider the official transcript of the hearing.

13. The Grievance Hearing Panel may write a Letter of Concern to be sent to either the Grievant, Respondent or both, describing the Grievance Hearing Panel's concerns with the behavior, with a notification to the other party that the Letter of Concern has been sent but not its specific contents.

14. Within sixty (60) days from the conclusion of the grievance hearing, the Grievance Hearing Panel shall issue its written Report and Recommendation. This Report and Recommendation will specify the material on which the Grievance Hearing Panel relied in making its determination. AAOS has sole discretion to extend the date of the Grievance Hearing Panel's Report and Recommendations if, for example, additional information from either the Grievant or Respondent has been requested.

15. A copy of the Grievance Hearing Panel's Report and Recommendation will be sent to the Grievant, Respondent, and their counsel, if any, at the time it is issued. A copy of the official transcript of the grievance hearing will be included with the Grievance Hearing Panel's Report and Recommendation.

16. The Grievant may appeal the Grievance Hearing Panel's recommendation to the Judiciary Committee. Such an appeal must be submitted to the Office of the General Counsel within fifteen (15) days of the notification of the Grievance Hearing Panel's recommendations. In such case, the Grievant shall be responsible for paying all the AAOS' direct costs in conducting the appeal and all of the Respondent's direct costs, up to a maximum of four thousand dollars ($4,000), if the ultimate decision of the

BRANDNER 00757

Judiciary Committee is the same or substantially similar to the Grievance Hearing Panel's recommendation. The Grievant shall be obligated to pay six thousand dollars ($6,000), which shall be held in an interest-bearing account, in advance of the appeals hearing by the Judiciary Committee.

17. The Respondent may appeal the Grievance Hearing Panel's recommendation to the Judiciary Committee. Such an appeal must be submitted to the Office of the General Counsel within fifteen (15) days of the notification of the Grievance Hearing Panel's recommendations.

E. **Referral to the Judiciary Committee for Consideration of Grievance Hearing Panel's Recommendation**

1. The Judiciary Committee shall be composed of at least five members appointed by the Board of Directors who have been trained to evaluate and consider appeals of matters of alleged violations of the AAOS Standards of Professionalism. At its discretion, the Board of Directors may appoint additional members to the Judiciary Committee. The AAOS Board of Directors will utilize the Committee Appointment Program (CAP) process to identify volunteers for the Judiciary Committee. The "one member-one committee" rule shall not apply to the Judiciary Committee.

2. For each appeal received by AAOS, the Office of General Counsel will canvass the members of the Judiciary Committee to determine whether there exists any real or perceived conflict of interest between a Judiciary Committee member and the Grievant and/or Respondent. No Judiciary Committee member may participate in a case with whom that individual has a personal relationship or is in partnership or in direct economic competition. A standing committee of the Chair of the Judiciary Committee, President, First Vice President, Second Vice President, and the General Counsel shall review and determine questions of conflicts of interest, if necessary.

3. Within thirty (30) days of receipt of the request for appeal, the Grievant and Respondent will be sent the names of the Judiciary Committee members and will be notified that, within thirty (30) days of receipt of this notice, he or she may challenge any of the Judiciary Committee members for cause. Challenges will be arbitrated by the standing committee of the Chair of the Judiciary Committee, President, First Vice President, Second Vice President, and the General Counsel.

4. Any member of the Judiciary Committee who participated in the grievance hearing in any capacity shall not participate in this process or vote on the matter. Only Judiciary Committee members who attend the full appeals hearing may participate in the deliberations or recommendations.

5. The Judiciary Committee members may not discuss the specifics of the case with any non-participant, with the exception of the General Counsel, and may consider only the evidence, testimony and other material introduced in conjunction with the grievance or appeals process. However, Judiciary Committee members may rely upon their own expertise and experience as orthopaedic surgeons in evaluating written material, oral

September 13, 2008                                    13

BRANDNER 00758

testimony, or issues raised.

6. The Grievant and Respondent will be given at least thirty (30) days prior notice of the appeal hearing date and location of the Judiciary Committee hearing at which the recommendation of the Grievance Hearing Panel will be considered. The appeal hearing will be held, if possible, at the next regularly scheduled meeting of the Judiciary Committee. A party may request a postponement of a Judiciary Committee appeal hearings, and such postponement will be allowed, provided the other party concurs. However, no case may be postponed more than one time. AAOS has sole discretion to extend the date for conducting Judiciary Committee appeal hearings.

7. The party challenging the recommendation of the Grievance Hearing Panel is expected to attend the grievance hearing and the other party is strongly encouraged to appear. If both parties are challenging the recommendation of the Grievance Hearing Panel, then both parties are expected to attend the appeal hearing. If either party declines or fails to appear at a duly scheduled appeal hearing, the appeal hearing shall still proceed, and the Judiciary Committee shall consider any material submitted previously by the absent party.

8. Except as provided in Paragraph D.16 above, the Grievant and the Respondent shall be responsible for his or her own travel and related costs as well as the costs of any personal representatives involved or any witness that he or she may call at the appeal hearing. Except as provided in Paragraph D.16 above, AAOS shall bear the costs of the Judiciary Committee and all related appeal hearing costs.

9. The Chair of the Judiciary Committee will conduct the appeal hearing, with the assistance of the General Counsel. Formal rules of evidence or law will not apply to the hearing. The Grievant and Respondent may be represented by counsel. The appeal hearing will be closed to guests and observers, except for security or other personnel as deemed necessary by AAOS. No new evidence or information shall be presented to the Judiciary Committee. The hearing will be officially recorded by a court reporter. At the sole discretion of AAOS, video and audio recordings of the proceedings may also be made. No other recording devices will be permitted.

10. All written grievance material and notification that legal counsel and or witness will be presented at the Judiciary Committee appeal hearing must be submitted to the Office of General Counsel no later than fifteen (15) days prior to the scheduled grievance hearing. Either party may present a written statement of no more than five (5) pages at the appeal hearing, but it may not contain new information. No new grievance material may be offered at the hearing.

11. The Grievant and Respondent shall have an opportunity to make any statement, either oral or written, he or she desires at the appeal hearing before the Judiciary Committee takes action on the Grievance Hearing Panel's recommendation. The Grievant and Respondent will be given ten (10) minutes each to make a statement to the Judiciary Committee.

September 13, 2008               14

BRANDNER 00759

12. Following the presentations by the each party, the Chair of the Judiciary Committee may allow each side an opportunity of up to five (5) minutes for questions. The parties may ask questions of the opposing side, but extensive cross examination will not be permitted.

13. Following the appeal hearing, the Judiciary Committee and General Counsel shall meet in executive session and shall, by majority vote, determine whether to recommend sustaining, altering or dismissing the Grievance Hearing Panel's recommendation.

14. The Judiciary Committee may delay the vote to allow time to consider the official transcript of the appeal hearing.

15. The Judiciary Committee shall uphold the recommendation of the Grievance Hearing Panel unless it finds it that there has been a lack of due process in the AAOS grievance proceedings or it is contrary to the clear weight of the evidence.

16. The Judiciary Committee shall, by majority vote, determine which of the following alternative findings should be recommended to the AAOS Board of Directors:

    a. That the Grievance is not sustained, and that no professional compliance action should be taken;

    b. That the Grievance is not sustained and that the Board of Directors should send a Letter of Concern as proposed and drafted by the Judiciary Committee; or

    c. That the Grievance is sustained, which specific Mandatory Standard(s) of the AAOS Standards of Professionalism has been violated, and that the Respondent should be:

        i. Censured;
        ii. Suspended from AAOS for a stated period of time; or
        iii. Expelled from AAOS.

17. Within forty five (45) days from the conclusion of the appeal hearing, the Judiciary Committee shall issue its written Report and Recommendation. This Report and Recommendation will specify the material on which the Judiciary Committee relied in making its determination

18. The Judiciary Committee's written Report and Recommendation will be sent to the Grievant and Respondent and their counsel, if any, and to the Grievance Hearing Panel of the Committee on Professionalism that considered the case. A copy of the official transcript of the appeal hearing will be included with the Judiciary Committee's Report and Recommendation.

September 13, 2008                                    15

BRANDNER 00760

## F. Decision of the Board of Directors

1. The Board of Directors shall adjudicate all recommendations received from the Grievance Hearing Panel and from the Judiciary Committee at the next scheduled meeting of the Board. The decision of the Board of Directors, conducted in executive session by secret written ballot, shall be based on the record, the written recommendation of the Grievance Hearing Panel and the written recommendation of the Judiciary Committee. No new information may be introduced to the Board of Directors.

2. The Office of General Counsel shall give a notice to the parties at least thirty (30) days prior to the meeting of the Board of Directors at which this matter will be considered. In addition, the names of all Board members will be provided to the parties.

3. The Grievant or Respondent may object to the participation of any member of the Board of Directors within fifteen (15) days of receipt of the notice. Challenges will be arbitrated by the standing committee of the Chair of the Committee on Professionalism, Chair of the Judiciary Committee, AAOS President, AAOS First Vice President, AAOS Second Vice President, and the General Counsel.

4. For each grievance appearing before the Board of Directors, the Office of General Counsel will canvass the Board of Directors to determine whether there exists any real or perceived conflict of interest between a Board member and the Grievant or Respondent. No member of the Board of Directors may participate in a case that involves a Fellow or Member with whom that individual has a personal relationship or is in partnership or in direct economic competition. A standing committee of the Chair of the Committee on Professionalism, Chair of the Judiciary Committee, AAOS President, AAOS First Vice President, AAOS Second Vice President, and the General Counsel shall review and determine questions of conflicts of interest, if necessary.

5. The Grievant or Respondent shall notify AAOS within fifteen (15) days of the meeting of the Board whether he or she, or a representative, will appear in writing or in person before the Board of Directors, at his or her own expense, but only if the Grievant or Respondent had pursued an appeal to the Judiciary Committee. If appearing in person or by representative, the Grievant or Respondent will be given a maximum of ten (10) minutes for his or her presentation. If a Grievant or Respondent has pursued an appeal to the Judiciary Committee, he or she may submit a written statement of no more than two (2) pages to the Board in lieu of a personal appearance; such written statement must be received by AAOS within fifteen (15) days of the meeting of the Board.

6. At its option, the Grievance Hearing Panel of the Committee on Professionalism that considered the case may prepare written comments for the AAOS Board of Directors regarding the Report and Recommendations of the Judiciary Committee. These comments must be received by AAOS within fifteen (15) days of the meeting of the Board. These comments will be provided to the Board of Directors; the Grievant; the

BRANDNER 00761

Respondent; counsel of the Grievant and Respondent, if any; and to the representative of the Judiciary Committee who shall be presenting the matter to the Board of Directors.

7. During grievance presentations, Board of Directors meetings shall meet in executive session which shall be closed to guests and observers, except for security or other personnel as deemed necessary by AAOS. Members of the Board of Directors, Office of General Counsel and representatives of the Committee on Professionalism and Judiciary Committee will be present in addition to the participants in the grievance process. Those aspects of the proceedings when the Board is in official session will be recorded by a court reporter. At the sole discretion of AAOS, video and audio recordings of the proceedings may also be made when the Board is in official session. No other recording devices will be permitted. The Grievant and Respondent may request copies of the official transcript and must reimburse AAOS for any costs associated with providing copies of the official transcript. The Board will conduct its deliberations in closed executive session during which no recordings of any kind will be allowed, but the actual Board vote shall be announced during and reflected in the recording of the official Board session.

8. A representative of the Judiciary Committee shall be at the meeting of the Board of Directors to present the Judiciary Committee's Report and Recommendation(s). In addition, the Board of Directors shall also receive a written copy of the Report and Recommendations of the Grievance Hearing Panel and a representative of the Grievance Hearing Panel will be present to address questions from the Board. If a matter had not been appealed to the Judiciary Committee, the representative of the Grievance Hearing Panel will present the Grieving Hearing Panel's Report and Recommendations.

   If the matter has been appealed to the Judiciary Committee, the Board of Directors shall uphold the recommendation of the Judiciary Committee unless it finds it that there has been a lack of due process in the AAOS grievance proceedings or it is contrary to the clear weight of the evidence. If the matter had not been appealed to the Judiciary Committee, the Board of Directors shall uphold the recommendation of the Grievance Hearing Panel unless it finds it that there has been a lack of due process in the AAOS grievance proceedings or it is contrary to the clear weight of the evidence.

9. Members of the Board of Directors may not discuss the specifics of the case with any non-participant, with the exception of the General Counsel, and may only consider material introduced in conjunction with the grievance process. However, Board members may rely upon their own expertise and experience as orthopaedic surgeons in evaluating written material, oral testimony, or issues raised.

10. The Board of Directors, by a two-thirds secret written ballot vote, shall determine which of the specific Mandatory Standard(s) of the AAOS Standards of Professionalism has been violated, and shall accept, modify or reject the recommendations of the Judiciary Committee (or the Grievance Hearing Panel if the matter has not been appealed to the Judiciary Committee).

BRANDNER 00762

11. If the Board of Directors determines not to take professional compliance action against the Respondent, it may still send a Letter of Concern to him or her, describing the Board of Directors' concerns with the behavior that was the subject of the professional compliance matter. In addition, the Board of Directors may send a Letter of Concern to the Grievant, describing the Board of Directors' concerns with his or her behavior or actions. This Letter of Concern shall not be considered an official professional compliance action.

12. The decision of the Board of Directors shall become effective immediately and will not be subject to further review or consideration.

13. The Grievant and Respondent shall be notified in writing of the Board of Directors' action within thirty (30) days of the decision.

## G. Reapplication for Fellowship

1. In the event the Respondent is suspended or expelled, the Board of Directors will make the determination on when that Fellow or Member may reapply on a case-by-case basis.

2. A suspension shall cause the Fellow or Member to lose the benefits of Fellowship or Membership for a specific period of time as determined by the Board of Directors after which the individual may be fully reinstated upon the request of the individual, provided he or she pays all past dues, fees or special assessments owing upon reinstatement. Suspension shall be for such term as the Board determines is necessary to ensure modification of behavior. {Association Bylaws 8.1.b}

3. An expulsion shall cause the Fellow or Member to be removed from the rolls of the Association. An expelled Fellow or Member shall not be entitled to any of the benefits of Fellowship or Membership. The Association shall not accept a reapplication for Fellowship or Membership from an expelled Fellow or Member until a prescribed period, as the Board shall determine, has elapsed from the date the individual was notified of the Board's action. {Association Bylaws 8.1.c}

BRANDNER 00763